United States District Court
Southern District of Texas
ENTERED

APR 15 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO PENA, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-96-167 |
| VS. | § | |
| | § | CRIMINAL NO. B-91-115 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Arturo Pena ("Pena") has filed a petition pursuant to 28 U.S.C. § 2255 (Docket No. 2) seeking to set aside his post guilty plea sentence for possession with intent to distribute over 500 grams of cocaine (five years) and using or carrying a firearm during a drug offense (five years). These sentences were imposed consecutively. The government has filed an answer (Docket No. 4) in which it requests dismissal of this petition. For the reasons set forth below, it should be dismissed.

### THE § 2255 PETITION

Pena concedes the factual basis of his conviction. (Docket No. 5). His case was simple. He agreed to sell cocaine. His customer was an undercover Drug Enforcement Administration ("DEA") agent. At the time the sale was to be consummated, Pena was arrested. In the waistband of his trousers was a loaded pistol. He was indicted and pled guilty to possession with intent to distribute over 500 grams of cocaine and using or carrying a firearm during a drug offense.

Pena argues that *Bailey v. United States*, 516 U.S. 137 (1995) applies to his case.

## RECOMMENDATION

Pena's conviction predates the Supreme Court's opinion in *Bailey*. However, *Bailey* dealt with the "use" part of 18 U.S.C. § 924(c). Pena's conviction implicated the "carry" part of 18 U.S.C. § 924(c).

The Supreme Court and the Fifth Circuit have both held that the type of evidence presented against Pena is more than sufficient to support a conviction under 18 U.S.C. § 924(c) for carrying a firearm during a drug offense. *Muscarello v. United States*, 524 U.S. 125 (1998)[1]; *United States v. Gobert*, 137 F.3d 315 (5th Cir. 1998).

IT IS THEREFORE **RECOMMENDED** that the government's Motion for to Dismiss be **GRANTED** and that Arturo Pena's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district Court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of April 1999.

John Wm. Black
United States Magistrate Judge

---

[1] This case was consolidated with *United States v. Cleveland*, 106 F.3d 1056 (1st Cir. 1997). The Fifth Circuit *Muscarello* case is *United States v. Muscarello*, 106 F.3d 636 (5th Cir. 1997).

2